Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000027
26-DEC-2017
08:43 AM

NO. CAAP-17-0000027

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DJ, Plaintiff-Appellant,
v.
CJ, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D. NO. 12-1-6689)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge and Chan, J. with
Reifurth, J., dissenting separately)

Plaintiff-Appellant DJ (Father) appeals from the "Order Granting Defendant's Motion for Post-Decree Relief Filed February 1, 2016," filed on November 23, 2016 (Custody Order), and the "Order Denying Motion for Reconsideration or Amendment of Judgments and Order Filed 12/2/16," filed on January 4, 2017, in the Family Court of the First Circuit (family court).[1] The Custody Order awarded Defendant-Appellee CJ (Mother) sole legal and physical custody of the couple's son and daughter, subject to Father's rights of reasonable visitation.

On appeal, Father contends that the family court abused its discretion in (1) denying Father's request for a continuance to obtain legal counsel, and (2) relying upon a Custody Investigation Unit (CIU) report that was done without Father's

_____

[1] The Honorable William J. Nagle presided.

consent.[2]

In 2007, Father and Mother met in the Philippines where the oldest child was born. Father and Mother came to Hawai'i and they were married in 2009. Their second child was born in early 2012. Later that year, Father filed for divorce.

Father and Mother were both represented by counsel throughout the divorce proceedings, during which time, Father and Mother also attempted to work through legal and physical custody of the children. All issues in the divorce proceedings were resolved without a trial. Father and Mother were awarded joint legal and physical custody of the children.

On February 1, 2016, Mother, through her counsel, filed a Motion and Declaration for Post-Decree Relief (Post-Decree Motion). The Post-Decree Motion stated that Mother was planning to relocate to the mainland, and requested that Mother be granted sole physical custody of the two children and Father be granted reasonable visitation. Mother and Father both appeared pro se for Mother's Post-Decree Motion.

The hearing on Mother's Post-Decree Motion was held on September 30, 2016.

The record indicates that Father was unfamiliar with the trial process, did not understand that trial would impose different requirements than prior hearings that he attended, and did not know how to conduct cross-examination. It further indicates that Father had not officially been served with the CIU report, which the family court introduced at the trial and on which the family court relied, and it is unclear when Father actually received the report. Father was also burdened with language difficulties as English was not his first language, and he had to rely upon an interpreter during the proceedings. During Father's attempts to cross-examine Mother's witnesses, the family court had to remind Father to question, and not argue with, the witnesses.

Later during the hearing, the family court told Father that he would have time to call his witnesses and make his

---

[2]     We only address Father's first point of error, as our conclusion regarding point (1) renders any decision on point (2) unnecessary.

statement to the court after a ten minute recess.  In response, Father stated:

> Your Honor, I have a question.  I -- 'cause I didn't know it's going be -- this is going be the setup, 'cause normally when I go to court, normally we just -- there's no witnesses like that, so I didn't know about cross-examination -- examination, whatsoever.  I just -- I'm lost about all the -- evidence (indiscernible) exhibit that I need that -- you can only accept.

After the recess, Father once again requested a continuance to retain counsel:

> [FATHER]: Can I say something, Your Honor?  I would like to practice my right to -- to see a -- a lawyer.
>
> THE COURT: See a lawyer now?
>
> [FATHER]: I would like to extend this hearing.
>
> THE INTERPRETER: Asking for a continuance because he wants to consult a lawyer.
>
> THE COURT: [Mother], do you agree with that?
>
> [MOTHER]: Your Honor, I would like to object, 'cause we've been waiting -- the last hearing, I ask Judge Kupau for advance motion 'cause my intention is to enroll my son in North Carolina.  But I did respect the Court's decision.  I thought the next hearing was in August 8th. And then Judge Kupau change his mind and set aside his order last July.  And then he decided to pursue to Custody Investigation Unit, which I participated, Your Honor.  I -- I -- I --
>
> THE COURT: So you object to Mr. --
>
> [MOTHER]: I -- I object, Your Honor, 'cause we have enough time.
>
> THE COURT: [Father], why haven't you retained an attorney after all this time?
>
> [FATHER]: Your Honor, I didn't know is going -- this going to be the setup, 'cause normally when we go to -- to the court, it's normally asking the judge.  I didn't know about -- about cross-examination, something like that.  I have no idea.  So I would like to practice my right to hire a lawyer, to see a lawyer (indiscernible), and extend this hearing, 'cause I cannot -- I cannot -- I don't -- I have no idea about this -- I know -- procedure.
>
> THE COURT: Okay. [Father], the problem I'm having is that this motion was filed back on -- back in February.  You folks have had numerous hearings before -- before Judge Kupau.  Since that time, you've been to court, you know, a fair amount.  I guess I -- I don't understand why you've had in excess of six months to hire an attorney, and now we're halfway through the trial, and you want to continue the matter to hire an attorney.
>
> [FATHER]: Like, again, like I said, Your Honor, I didn't know this -- that this the first time I been here in this kind of setup of -- in the court.  I normally go to a -- they get judge and two of us.

3

THE COURT: Uh-huh.

[FATHER]: That's -- that's how it is.  But cross-examination, I have no idea.  That's why I cannot do it.  So I would like to say -- I would like to practice my right to hire -- to see a lawyer so I can also (indiscernible) for me to deliver my -- my . . .

THE COURT: Okay. [Father], the Court's going to deny your motion for a continuance.  I think it's too late.  We're already in the trial.  That's something that if you were -- you were going to, you should have hired an attorney early on.  So I'm going to deny your motion.  It's too late.

The family court then called and examined Liana Lui, the judiciary social worker who performed the CIU report.  Father then attempted to cross-examine Ms. Lui.  After struggling with his questioning, Father again requested a continuance in order to retain counsel.

[FATHER]: Your Honor, again, I would like to practice my right to hire a lawyer, to . . .

THE COURT: [Father], again, we're in the middle of the trial.  If you wanted to hire a lawyer, this was something you should have done way before this.
Do you have any other questions for Mrs. Lui?  Because if you don't, I'm going to release her.

[FATHER]: That's all I want to ask (indiscernible).

THE COURT: Thank you very much.
Okay, ma'am.

THE WITNESS: Thank you, sir.

After Father presented his evidence, the family court took the matter under advisement.

On November 23, 2016, the family court issued its findings based on evidence at trial and the CIU report, and granted Mother's Post-Decree Motion to relocate with the children to Durham, North Carolina.

A parent's right to the "care, custody and control" of his or her child is a fundamental liberty interest protected by the United States Constitution.  Troxel v. Granville, 530 U.S. 57, 65 (2000) ("[T]he interest of parents in the care, custody, and control of their children -- is perhaps the oldest of the fundamental liberty interests recognized by this Court.").  The Hawai'i Supreme Court has also recognized that "independent of the federal constitution, . . . parents have a substantive liberty interest in the care, custody, and control of their

children protected by the due process clause of article 1, section 5 of the Hawaiʻi Constitution. Parental rights guaranteed under the Hawaiʻi Constitution would mean little if parents were deprived of the custody of their children without a fair hearing." In re Doe, 99 Hawaiʻi 522, 533, 57 P.3d 447, 458 (2002).

In this case, a continuance was requested by Father to seek legal counsel. The record suggests that Father, even with the aid of an interpreter, was incapable of presenting his case and cross-examining witnesses. It does not appear that under the circumstances, Father sought a continuance for general delay. Moreover, the record does not indicate that granting the continuance would have been prejudicial to Mother. In light of the foregoing, the nature of the proceeding, and Father's substantive parental rights, we conclude that the family court abused its discretion in denying Father's request for a continuance to seek the assistance of counsel. See Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980).

Accordingly, we vacate the "Order Granting Defendant's Motion for Post-Decree Relief Filed February 1, 2016," filed on November 23, 2016, and the "Order Denying Plaintiff's Motion for Reconsideration or Amendment of Judgments and Order Filed 12/2/16," filed on January 4, 2017, and remand the case to the family court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, December 26, 2017.

On the briefs:

Emmanuel G. Guerrero,
for Plaintiff-Appellant.

Mother,
Defendant-Appellee.

Craig H. Nakamura
Chief Judge

Associate Judge

5